99 F.3d 1145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randall DOBRYDNIA, Plaintiff-Appellee,
v.
FARWEST FISHERIES, INC.; F/V EMBLEM, her engines, tackle,
gear, apparel, furniture, and equipment, in rem,
Defendants-Appellants.
 No. 95-35887.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1996.*
Decided Oct. 25, 1996.
 
 Before: BROWNING, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Farwest Fisheries, Inc. and F/V Emblem in rem[1] appeal the district court's judgment in favor of Randall Dobrydnia who sought damages for personal injuries sustained on board the Emblem. See 46 U.S.C. § 688. Farwest contends that the district court erred when it held that Dobrydnia was an employee of Farwest and when it refused to apply the primary duty rule. We reverse.
 
 
 3
 1. Farwest asserts that Judge Holland erred when he concluded that, as a matter of law, if there was no bareboat charter, Dobrydnia was an employee of Farwest's for purposes of the Jones Act. Farwest also contends that Judge Von Der Heydt's ruling that Dobrydnia was an employee stemmed from Judge Holland's earlier ruling and Judge Von Der Heydt's determination that there was no bareboat charter. We agree.
 
 
 4
 Judge Holland determined that "The courts implicitly treat the demise charter issue as dispositive of the employer-employee issue." For support, Judge Holland relied on United States v. W.M. Webb, Inc., 397 U.S. 179, 194, 90 S.Ct. 850, 857-58, 25 L.Ed.2d 207 (1970). Webb, however, did not state that once it is determined that there is not a demise charter, it necessarily follows that there was an employer-employee relationship. Instead, Webb only marks the perimeter of an employer-employee relationship by stating that if there is a demise charter, there cannot be an employment relationship with the owner. That does not mean that if there is not a demise charter, there must be an employer-employee relationship. Rather, it means exactly what the Court said: that is, if there is not a demise charter, there may be an employment relationship even if there is very little control. Id. at 192, 90 S.Ct. at 856-57; see also Anderson v. United States, 450 F.2d 567, 571-72 & n. 13 (5th Cir.1971), cert. denied, 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972).
 
 
 5
 In order to have a demise charter, the owner must, essentially, yield "full possession and control of the vessel for a period of time. The charterer is responsible for directing the operations of the vessel and providing the master and crew." Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 849 n. 8 (9th Cir.1993). Anything short of that kind of complete transfer is simply not a demise charter. See Guzman v. Pichirilo, 369 U.S. 698, 699, 82 S.Ct. 1095, 1096, 8 L.Ed.2d 205 (1962); Marr Enters., Inc. v. Lewis Refrigeration Co., 556 F.2d 951, 957 & n. 8 (9th Cir.1977); see also Anderson, 450 F.2d at 572 n. 13.
 
 
 6
 The determination of whether there is an employer-employee relationship requires a much more subtle inquiry. That is determined by the totality of the circumstances and controlled by factors such as whose orders controlled the master and the crew, whose money paid their wages, who hired the crew, and who chose the route and ports. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 795, 69 S.Ct. 1317, 1323-24, 93 L.Ed. 1692 (1949). We have recently stated that the Cosmopolitan factors control the determination of whether an employment relationship exists. See Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495, 1499 (9th Cir.1995), cert. denied, --- U.S. ----, 116 S.Ct. 708, 133 L.Ed.2d 663 (1996).
 
 
 7
 Therefore, a two-step inquiry is required by Webb, Cosmopolitan, and Glynn. First, a court must determine whether the evidence dictates that there was a demise charter. If there was, no employment relationship exists with the owner and the inquiry ends. If there was not a demise charter, then the court must go on to determine whether there was sufficient control to constitute an employment relationship.
 
 
 8
 The two inquiries should not be conflated, as they were in this case. The district court erred by concluding, as a matter of law, that the demise charter issue was determinative of the employment issue. Therefore, the district court failed to conduct the second inquiry. It is true that the district court heard evidence that would undoubtedly be highly probative of the employment issue, but without conducting the subtle balancing required by Cosmopolitan and Glynn, the district court did not adequately analyze whether any degree of control exercised by Farwest over Dobrydnia was sufficient to establish an employment relationship. Therefore, we reverse and remand for a determination of whether there was an employer-employee relationship.
 
 
 9
 2. The district court (Judge Holland) also erred when it ruled that the primary duty rule did not apply because the defect was present at the time Dobrydnia became skipper of the vessel. The rule precludes an employee from recovery from his employer if his own failure to perform a duty his employment imposes upon him causes his injuries. See Bernard v. Maersk Lines, Ltd., 22 F.3d 903, 905 (9th Cir.1994). The rule does not bar recovery if the employee did not consciously assume the duty, or if he neither created the danger nor was able to control or eliminate it, or if his violation of his duty was not knowing. Id. at 907. However, the time when the defect first occurred is not relevant as long as the employee had both the duty and the ability to remedy the defect. See id. at 907-908; Reinhart v. United States, 457 F.2d 151, 154-55 (9th Cir.1972); see also Walker v. Lykes Bros. S.S. Co., 193 F.2d 772, 773-74 (2d Cir.1952); cf. Hudson Waterways Corp. v. Schneider, 365 F.2d 1012, 1015-16 (9th Cir.1966) (engineer's Jones Act claims not barred by primary duty rule because he lacked duty to repair the defect that caused him injury). The district court's ruling was therefore in error.
 
 
 10
 Moreover, determination of whether the primary duty rule applies will require the resolution of genuine issues of material fact. As the district court noted, there was a factual issue regarding which party had the primary duty to repair the defective davit. There was evidence in the record that Dobrydnia had the duty as captain of the ship to make repairs. Yet, there was also evidence that the agreement between Dobrydnia and Farwest required Farwest to make repairs, or at least to provide the materials for repairs. Therefore, the district court erred when it granted summary judgment on the primary duty rule issue. Resolution of that issue requires further proceedings.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Collectively referred to as Farwest